# Thomas H. Forcey et al., Exrs., Plffs. in Err., *v.* J. A. Caldwell.

A note expressly an individual promise to pay for views of a schoolhouse, etc., in the absence of proof that its execution was legally authorized by the school board, binds the maker personally although he has written after his signature the words "President Sch. Bd."

(Argued May 3, 1887. Decided May 16, 1887.)

January Term, 1887, No. 46, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, and GREEN, JJ. Error to the Common Pleas of Clearfield County to review a judgment on a verdict for the plaintiff in an action of assumpsit. Affirmed.

This was an action of assumpsit by J. A. Caldwell against Robert Mitchell and Thomas H. Forcey, executors of James T. Leonard, deceased, upon the following note:

$160.                                    Clearfield, Oct. 22, 1877.

For value received I promise to pay to J. A. Caldwell or order, for causing full page view of the Leonard Graded School Building to be printed in the Atlas of Clearfield County, State

---

NOTE.—A similar determination is found in Freeport Bank v. Egan, 146 Pa. 106, 23 Atl. 390, where the action was brought against the parties whom the maker of the note, the pastor of a church, was supposed to represent.

of Pennsylvania, the sum of One Hundred and Sixty Dollars, without defalcation, three years after the above date. Three atlases included to be given. Fifty extra views given.

Sketch to be submitted to Judge Leonard.

[Signed.] James T. Leonard,

President Sch. Bd.

The defense was that the instrument was executed by and bound the school board of Clearfield borough, not James T. Leonard.

At the trial the plaintiff offered to prove "that the note in suit was given for causing one full page view of the Leonard Graded School to be printed in Caldwell's Atlas of Clearfield county, and for four atlases and fifty extra views; that at the time the note was signed, James T. Leonard said that he wanted the atlases, and intended to donate them to the Leonard Graded School of Clearfield, and that he wanted the views for distribution among his friends; that is to be followed by evidence showing that the atlases and views were delivered to James T. Leonard, and were by him presented to his friends throughout the county; that he sold one of the views."

The defendants objected:

"First, because this is an action against the executors of James T. Leonard, and the witness is the survivor to the contract, and is therefore incompetent to testify to anything prior to the death of Leonard.

"Second, because the note is the best evidence of the contract entered into, and cannot be varied by parol unless there is an allegation of fraud, accident or mistake.

"Third, it is immaterial what Leonard may have done with the views, as the contract with plaintiff was complete; and with the disposition of the views made by Leonard, the plaintiff has nothing to do, it being a matter between the school board and James T. Leonard."

The court overruled the objection and admitted the testimony.

The plaintiff also made the following offer:

"We offer in evidence the special act of the legislature, approved April 7, 1871 (Pamph. L. p. 488), showing the constitution of the school board of Clearfield."

"Section 3. That the board of school directors of the borough of Clearfield shall hereafter consist of eight."

The defendants objected:

"First, because it is incompetent, irrelevant, and immaterial.

"Second, because the question of the authority of the school board does not enter into this case."

The court overruled the objection and admitted the special act.

The court, KREBS, P. J., after stating the facts, charged the jury as follows:

The view we take of this case is that there is no question of fact to be submitted to you, but we instruct you what the legal rights of these parties are under this arrangement. It will not be contended, and is admitted, that the school board had no legal authority or power to make a contract such as was contemplated by this paper.

[It has been contended that the liability arising under this paper could not be enforced against the executors of James T. Leonard, because of the addition to his name of the words: "President Sch. Bd." We do not agree with this contention, and instruct you that even if he was acting for the school board, or pretending to act for the school board, in making this contract, that contract being one which they had no power to make, he thereby became individually liable, and the other party to the contract had a right to bring this action against him in order to recover from him individually the amount of this contract stipulation.]

The defendants have asked us to instruct you upon the following propositions:

First. That under all the testimony and pleadings in this case the plaintiff cannot recover.

*Ans.* [We must decline so to instruct you.]

Second. That if they believe from the evidence that the contract was made with James T. Leonard as President of the School Board of Clearfield, and upon the credit of said board, then the verdict must be for the defendants.

*Ans.* [We must decline so to instruct you, for the reason already given: that the school board had no authority or power to make any such contract. Judge Leonard having put his name to this paper, the plaintiff had a right to treat him as being individually responsible to him (plaintiff) for the amount of this contract.]

Third. That if the jury believe that James T. Leonard acted only as an agent, and as such meant to bind the school board, his principal, then the verdict must be for the defendants, however inartificially the contract was signed or drawn.

*Ans.* [Under the evidence in this case we cannot instruct you as requested in that point, however applicable it may be to another state of facts. We do not think this point applicable to the case now trying, under the evidence and facts in this case.]

Now, under the view we have taken of this case, that would only leave you to ascertain the sum due the plaintiff on this note; and it would not be necessary to have you retire for that purpose, as there is no fact in dispute.

[We instruct you that under this paper and the evidence in the case, the plaintiff is entitled to recover the principal sum of $160, and interest thereon from the 25th of October, 1880, which is $56.80; and we instruct the clerk to take your verdict in that amount.]

The verdict and judgment were for the plaintiff for $216.80.

The assignments of error specified, 1–3, the answers to the defendants' points; 4 and 5, the admission of evidence; and 6 and 7, the portions of the charge inclosed in brackets.

*S. V. Wilson,* for plaintiffs in error.—In the ordinary course of things an agent, contracting on behalf of the government or of the public, is not personally bound by such contract, even though he would be if it were an agency of a private nature. The presumption in such case is that the contracts were made upon the credit and responsibility of the government itself. This rule applies to simple contracts both parol and written; and where there is an attempt to imply a responsibility the proof ought to be exceedingly cogent and clear, to create personal responsibility. Story, Agency, §§ 302–304, 306.

This rule as to proof ought to be still more stringent where the evidence discloses the principal to the person who contracted with the agent of the corporation. Rathbon v. Budlong, 15 Johns. 1.

An officer of a corporation who by its direction executes an instrument not competent to bind the corporation; *e. g.,* a sealed instrument, but without the corporate seal, is not therefore personally bound; he is not an agent acting without authority with-

in the rule that enforces a contract so made against the agent. Episcopal Church of St. Peter v. Varian, 28 Barb. 644.

Where a contract on behalf of a corporation is signed by its agents with their own names and seals, although presumptively they may be personally liable, yet it appearing that the contract was for the benefit of the corporation and was so understood, and that the agents were duly authorized by the corporation to make it, and the contract is such that the corporate seal is not essential, the remedy is against the corporations, and not against the agents. Haight v. Sahler, 30 Barb. 218.

In general it is true that there is a distinction between contracts on the part of the government by its agents, and those which are entered into on the part of individuals or corporations by those who represent them. In respect to the first it may safely be asserted that whether the contract be by parol or by deed, the public faith is exclusively relied on whenever the agent does not specially render himself liable. Hopkins v. Mehaffy, 11 Serg. & R. 128.

But if from the nature and terms of the instrument it appears that the party is an agent and that he means to bind his principals to act for him, and not on his own account, the law will give the paper that intendment to carry out the actual meaning of the parties, however inartificial the language may be. 11 Mass. 27; 5 Maule & S. 345; Paley, Agency, 378.

On this point there is no difference whether the instrument be a deed or an unsealed contract. Burrell v. Jones, 3 Barn. & Ald. 47; Seyfert v. Lowe, 7 W. N. C. 39.

For cases where agents were not held see: Seyfert v. Lowe, 7 W. N. C. 39; 1 Parsons, Contr. 95; Roberts v. Austin, 5 Whart. 313; Sharpe v. Bellis, 61 Pa. 69, 100 Am. Dec. 618; Markley v. Quay, 8 W. N. C. 145.

Executor signed in his official capacity; held not liable, and the former rule does not apply. Hollenback v. Clapp, 103 Pa. 60.

Where an obligation on its face appears to have been executed for a municipality by its officers, although by them individually, they act as representatives, and are not individually liable. Heidelberg School Dist. v. Horst, 62 Pa. 301.

The plaintiff's duty under his contract was complete with delivery to James T. Leonard, president of the school board, and all evidence of after disposition by Leonard was irrelevant and

·incompetent. Phillips v. Meily, 15 W. N. C. 225, 16 W. N. C. 429.

*Orvis & Snyder,* for defendant in error.—The words appended to the signature of Mr. Leonard were simply *descriptio personæ,* and not as determining the character in which he contracted. The instrument itself in no way purported to bind anyone but him; he does not even pretend that he was acting as agent for anyone. The addition in no way affects the character of the note. It is the individual note of Leonard, and he is liable thereon.

An agent who signs his own name instead of that of his principal becomes himself liable, and the word "agent" appended to his name is merely *descriptio personæ.* Whiting v. Dewey, 15 Pick. 428; Hastings v. Lovering, 2 Pick. 214, 13 Am. Dec. 420; Stackpole v. Arnold, 11 Mass. 27, 6 Am. Dec. 150; Mayhew v. Prince, 11 Mass. 54; Arfridson v. Ladd, 12 Mass. 173; Seaver v. Coburn, 10 Cush. 324.

The addition of the word "administrator" to the name of the acceptor of a bill of exchange does not qualify his liability or make his acceptance a conditional one. Tassey v. Church, 4 Watts & S. 346.

A bond phrased "I promise to pay," etc., and not mentioning the obligor's name in the body, executed by an agent, as follows: "Witness my hand and seal, H. S. Lucas [Seal] for Charles Callender, President of the Chester Mica & Porcelain Co.," binds the agent individually. Bryson v. Lucas, 84 N. C. 680, 37 Am. Rep. 634.

Where trustees of a congressional township gave a promissory note as trustees, it was their individual note, and not that of the corporation. Congressional Twp. No. 11 v. Weir, 9 Ind. 224.

A note "we promise to pay," etc., signed by several persons individually, with the words "Trustees of the First Church," etc., added, held, the individual note of the makers. Hayes v. Brubaker, 65 Ind. 27.

The addition "Vestryman Grace Church" to each of the names attached to a note does not make it anything but the note of the individuals signing it, if it does not purport to bind the corporation. Tilden v. Barnard, 43 Mich. 376, 38 Am. Rep. 197, 5 N. W. 420.

In Rathbon v. Budlong, 15 Johns. 1, cited by the plaintiffs

in error, the note in suit plainly showed that credit was given to the company.

Hopkins v. Mehaffy, 11 Serg. & R. 126, cited as the Pennsylvania authority affirming the doctrine laid down in above case, in Episcopal Church of St. Peter v. Varian, 28 Barb. 644, and in Haight v. Sahler, 30 Barb. 218, ruled that "where, in the body of a sealed instrument, the covenants are stated as if they were made by a corporation directly with the plaintiff, without the agency of anyone, and the defendant is not named, but signs the instrument and seals it with his own seal, as president of the corporation and on their behalf, an action cannot be sustained upon it against him individually."

In the present case the body of the instrument plainly and clearly binds but one person, James T. Leonard. He acts in his own name and is therefore bound.

In Heidelberg School Dist. v. Horst, 62 Pa. 307, cited by the plaintiffs in error, "the debt set forth in the bond was clearly a debt of the township, for money borrowed for and used by it."

In Seyfert v. Lowe, 7 W. N. C. 39, relied upon by the plaintiffs in error, the plaintiffs took the note in payment of a debt due from the company, and therefore must have known that the indorsement of the note by the president was the indorsement by the company.

In Roberts v. Austin, 5 Whart. 313, cited by plaintiffs in error, the defendant who had indorsed a draft as "agent" was exonerated from liability, upon proving that it was given for merchandise furnished to his principal and without any consideration moving to himself.

In Sharpe v. Bellis, 61 Pa. 69, 100 Am. Dec. 618, cited by the plaintiffs in error, the claim for which the note was given was for coal sold to the company by the plaintiffs. Bellis was asked to give his note to the plaintiffs; and said he would not, but indorsed the note as president. He so indorsed it, and the "Pres't" was erased without his knowledge. This court decided that it was not the defendant's individual note.

In Markley v. Quay, 8 W. N. C. 145, relied upon by the plaintiffs in error, no consideration moved to the defendant individually, and the instrument was intended by both the contracting parties as an order upon a fund belonging to the principals, was given in payment of a debt due by them, and was not intended to bind the defendant in his individual capacity.

In Hollenback v. Clapp, 103 Pa. 65, cited by the plaintiffs in error, there was no evidence that the executors either did or could receive any personal benefit from the assignment.

When the body of the contract contains apt words to charge the agent, he will be personally responsible for its fulfilment, notwithstanding the addition of qualifying words to his signature implying that he is acting in an official or representative capacity. Savage v. Rix, 9 N. H. 263; Moss v. Livingston, 4 N. Y. 208; Fiske v. Eldridge, 12 Gray, 474; Haverhill Mut. F. Ins. Co. v. Newhall, 1 Allen, 130; DeWitt v. Walton, 9 N. Y. 571; Hall v. Cockrell, 28 Ala. 507.

The only effect of the words "President Sch. Bd." was to identify the transaction, not to qualify the act. Ulam v. Boyd, 87 Pa. 479.

Where an agent acts in his own name he binds himself, and not his principal. Pentz v. Stanton, 10 Wend. 271, 25 Am. Dec. 558; Thomas v. Bishop, 1 Strange, 955; Barlow v. Bishop, 1 East, 432; Leadbitter v. Farrow, 5 Maule & S. 345; Stackpole v. Arnold, 11 Mass. 27, 6 Am. Dec. 150; Allen v. Coit, 6 Hill, 318; Story, Agency, § 269.

He who is capable of contracting, and does contract in his own name, although he is the agent of another who is incapable of contracting, intends to bind himself; since in no other way can the contract possess any validity, but it would perish from its intrinsic infirmity. Story, Agency, § 281; Tassey v. Church, 4 Watts & S. 346.

Public trustees or officers, as town or parish officers, who enter into contracts in their official capacity, and on behalf of the corporations which they represent, if they so deviate from or exceed their authority as not to bind these corporations, are themselves liable. 1 Parsons, Contr. § 126.

The reason is that the party dealing with the agent is deprived of any remedy upon the contract against the principal. The contract, although in form that of the principal, is not his in fact; and it is but just that the loss, occasioned by there being no valid contract with him, should be borne by the agent who contracted for him without authority. Kroeger v. Pitcairn, 101 Pa. 316, 47 Am. Rep. 718; Layng v. Stewart, 1 Watts & S. 222; McConn v. Lady, 10 W. N. C. 493.

A person purporting to represent a corporation either private or public, in making an unauthorized contract, is individually

bound, because the contract can otherwise have no operation at all, and is so construed. *Ut res magis valeat quam pereat.* Pollock, Contr. § 234; Allen v. Pegram, 16 Iowa, 163; Blakeley v. Bennecke, 59 Mo. 193; Woodbury v. Blair, 18 Iowa, 572.

The proper course for the other contracting party is to sue the agent as principal on the contract itself, and he need not resort to the doctrine of implied warranty. Pollock, Contr. § 234; Kelner v. Baxter, L. R. 2 C. P. 174.

The agent is not relieved by showing that he merely, and in good faith, executed an authority which the principal, a school district, attempted to confer, but which it had no power to confer upon him. Weare v. Gove, 44 N. H. 196.

One of the directors, without authority from the board, can make no contract binding upon the district, cannot change a contract, and can do no act fixing the district for liability. He may be personally responsible to those who suffer from his unauthorized acts, as any other citizen would be. School District v. Fuess, 98 Pa. 606, 42 Am. Rep. 627.

A school district is not strictly a municipal corporation. Colvin v. Beaver, 94 Pa. 393; Com. v. Beamish, 81 Pa. 389; Wharton v. School Directors, 42 Pa. 358.

The president of a board of school directors is not a public agent or a public officer, in the sense in which that term is used by plaintiffs in error. He may be personally responsible to those who suffer from his unauthorized acts, as any other citizen would be. School District v. Fuess, 98 Pa. 606, 42 Am. Rep. 627.

PER CURIAM:

The note in controversy clearly shows a personal liability on the part of the testator. That prima facie liability is in no manner disproved by all the parol evidence in the case. The court, therefore, committed no error in giving binding instructions to the jury to find in favor of the plaintiff below.

Judgment affirmed.